CHARLES H. WALLING, PLAINTIFF-APPELLANT, v. GENERAL WOODCRAFT COMPANY ET AL., DEFENDANTS-RESPONDENTS.

Submitted February 17, 1933—Decided April 28, 1933.

For the plaintiff-appellant, *John C. Grimshaw* and *Frank G. Turner.*

For the defendants-respondents, *McDermott & Finegold.*

PER CURIAM.

This is an appeal from a judgment of nonsuit entered in the Supreme Court after trial at the Monmouth Circuit.

On September 17th, 1929, at two-thirty P. M., plaintiff was driving his car northerly on Main street, in Matawan. From the southeast, a highway called Atlantic avenue enters Main street at a sharp angle, approximating thirty-five degrees, but does not cross it. A truck of defendant General Woodcraft Company, and operated by the other defendant Fred Henke, was proceeding on Atlantic avenue toward Main street. The two vehicles, out of sight of each other, were approaching on converging paths. In the angle between Atlantic avenue and Main street, and extending to the sidewalk line is a store building, of flat iron shape, and southerly from the corner

building are two other buildings with only a few feet of open space between the several buildings. So that for upwards of one hundred feet back from the corner, plaintiff's view of Atlantic avenue was practically cut off. The map in evidence shows that Atlantic avenue is thirty feet wide and Main street is thirty-three feet wide, between curb lines, and the distance from the southerly point of intersection diagonally across Atlantic avenue, on the line of Main street, and up to the northerly point of intersection, is somewhat more than fifty feet of clear road surface. Main street is paved with concrete and Atlantic avenue is surfaced with cinders.

In this situation, the evidence discloses that plaintiff was driving on Main street, in a rain, at eighteen to twenty miles an hour; that he did not slacken his speed; that he blew his horn thirty feet from the intersection. He testified that he could stop his car in twenty feet. When he was beyond the house line, and about forty-eight feet from the point of collision, he had a view of Atlantic avenue and observed the truck approaching at a speed of twenty-five or thirty miles an hour. The truck did not stop, nor did the plaintiff stop his car, or attempt to do so until just before the front of plaintiff's car came into collision with the rear of the truck, which had proceeded into Main street. Plaintiff testified that he attempted to turn sharply to his right to avoid collision but the two vehicles collided and plaintiff's automobile turned over; that he could not turn to the left because cars were approaching from the opposite direction.

The learned trial judge, in passing upon the motion to nonsuit, said:

"In the circumstances I feel obliged to hold that the plaintiff was not in the exercise of care and caution which ordinarily and reasonably would be required of a careful driver, in that his own statement is that he was driving his car at eighteen or twenty miles an hour at an intersection, and in the circumstances it would appear to have been in violation of the provision of the Traffic act. One cannot go blindly into an intersection and then because there is a collision by the unexpected appearance of a vehicle also having a right

upon the highway and then say that he is free from negligence himself.".

The rule applicable is stated in *New Jersey Express Co.* v. *Nichols,* 33 *N. J. L.* 434, to be as follows:

"To conclude him [plaintiff] from maintaining his action, his conduct must have been negligent, and his negligence must have contributed to the injury in such a way that if he had not been negligent, he would have received no injury from the negligence of the defendant. * * *

"But if the plaintiff's negligence is established, the comparative degrees of negligence of the parties is immaterial, for the reason that it would be impossible to say that, without such fault on his part, the occurrence would have happened. The injury must be attributable to the defendant's negligence, and to that alone; if occasioned, in any degree by the plaintiff's own negligence, he is without redress (citing cases), unless the act of the defendant amounted to a willful trespass or intentional wrong."

Appellant urges that where fair-minded men might honestly differ as to plaintiff's conduct, tested by what an ordinarily prudent person would do in the circumstances, the question is for the jury and not for the court. This is the undoubted law. In the instant case, however, we conclude that the conduct of plaintiff in acting as he did was so obviously careless and in violation of ordinary prudence, that the trial judge properly held that he was guilty of negligence and that such negligence contributed to his injury. He not only drove into the intersection without observing whether or not a vehicle was approaching on his right, but, after seeing the truck, he continued for a number of feet without making any effort to slacken the speed of his car or, if need be, to stop, until too late to avoid contact with the truck, which had entered the intersection ahead of him, and which he observed was proceeding on its course, without intention of yielding the way to plaintiff.

In the circumstances of this case, we think there was no doubt that the plaintiff was as much to blame for the collision as the driver of the truck.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.    15.

*For reversal*—None.